Courtney LINDE, et al., Plaintiffs,

v.

ARAB BANK, PLC, Defendant.

No. 04–cv–2799 (NG)(VVP)
and related cases.[1]

United States District Court,
E.D. New York.

May 14, 2013.

---

**1.** The following related cases have been consolidated with this case for the purposes of discovery and other pretrial proceedings: *Philip Litle, et al. v. Arab Bank, PLC,* 04–CV–5449; *Oran Almog, et al. v. Arab Bank, PLC,* 04–CV–5564; *Robert L. Coulter, Sr., et al. v. Arab Bank, PLC,* 05–CV–365; *Gila Afriat–Kurtzer, et al. v. Arab Bank, PLC,* 05–CV–388; *Michael Bennett, et al. v. Arab Bank PLC,* 05–CV–3183; *Arnold Roth, et al. v. Arab Bank, PLC,* 05–CV–0378; *Stewart Weiss, et al. v. Arab Bank, PLC,* 06–CV–1623; *Joseph Jesner, et al. v. Arab Bank, PLC,* 06–CV–3869; *Yaffa Lev, et al. v. Arab Bank, PLC,* 08–CV–3251; and *Viktoria Agurenko, et al. v. Arab Bank, PLC,* 10–CV–626.

**218**

Mark S. Werbner, Sayles Werbner, Dallas, TX, Peter A. Binkow, Law Offices of Lionel Z. Glancy, Neal Dublinsky, Glancy Binkow & Goldberg LLP, Los Angeles, CA, Steven M. Steingard, Kohn, Swift & Graf, PC, Philadelphia, PA, Aaron Schlanger, Naomi B. Weinberg, Joshua D. Glatter, Osen LLC, Hackensack, NJ, Aitan David Goelman, Peter R. Kolker, Semra Aylin Mesulam, Zuckerman Spaeder LLP, Washington, DC, Clyde T. Turner, Turner and Associates, North Little Rock, AR, James P. Bonner, Stone Bonner & Rocco LLP, Andrew David Friedman, Wechsler, Harwood, Halebian & Feffer, L.L.P., New York, NY, for Plaintiffs.

Kevin Walsh, Douglas Walter Mateyaschuk, Steven J. Young, DLA Piper LLP, New York, NY, for Defendant.

### ORDER

NINA GERSHON, *District Judge:*

Defendant Arab Bank moves under Rule 44.1 of the Federal Rules of Civil Procedure "to submit evidence of foreign law." That Rule provides:

> A party who intends to raise an issue about a foreign country's law must give notice by a pleading or other writing. In determining foreign law, the court may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence. The court's determination must be treated as a ruling on a question of law.

■ I have previously rejected the Bank's proffer of expert witness testimony to be given to the jury on the issue of foreign law, noting that, under Rule 44.1, foreign law determinations are to be made by the court and not by the jury. *Linde v. Arab Bank, PLC,* 920 F.Supp.2d 282, 285–87, 2011 WL 9974899, at *3 (E.D.N.Y. 2011). I also noted in that Order: "Moreover, defendant offers no legal authority to support the contention that compliance with Lebanese law, or any law other than American law, is relevant to whether it violated the [Anti–Terrorism Act, 18 U.S.C. §§ 2331 *et seq.* ("ATA")], nor does the Bank offer any legal authority that such compliance would provide an affirmative defense." *Id.*

■ The Bank on the current motion purports to acknowledge that only United States law governs the Bank's liability in this case, but nonetheless seeks to have the court put before the jury the laws of the Palestinian Authority, Jordan, Leba-

non, and Israel. It makes three arguments. First, it argues that foreign law is relevant to the Bank's state of mind—a central issue in this case; second, it argues that the jury "should be instructed to find the Bank not liable for [its return of an account balance to a known Hamas leader] if it determines that the Bank acted under compulsion of foreign [Lebanese] law," Def.'s Mem. Supp. Rule 44.1. at 12; and finally, it argues that the Bank should be allowed to introduce evidence of foreign bank secrecy laws to rebut the permissive adverse inference sanction imposed by the court.

Given the record in this case, that some of the Bank's challenged activities took place in foreign jurisdictions—and a significant number of the transactions at issue took place in New York—does not establish that the Bank's claimed compliance with foreign laws is relevant to its mental state vis-a-vis compliance with United States law. The Bank argues that its "duties" were to comply with foreign laws, but never explains how such compliance would affect its "duties" to comply with United States law under the extraterritorial ATA. According to the Bank, "exposing foreign banks to liability for failing to apply American laws to their foreign operations would have dire consequences for the international banking industry." Def.'s Mem. Reply Rule 44.1 at 10. In so arguing, the Bank, while purporting to accept that the ATA is the law applicable to this case, suggests that it can argue to the jury that the jury should simply ignore the ATA in favor of the foreign laws the Bank chose to follow. Such an argument is an invitation to nullification. And whether foreign law permitted the Bank to provide financial services to terrorists—or even required the Bank to return money to a known terrorist, as the Bank asserts was the case with Hamdan—offers no basis for the supposed inference that the Bank had an innocent mental state regarding compliance with United States law.

Turning to the Bank's third theory of relevance, the Bank has offered no sound basis for the proposition that, after a court has overruled a foreign bank secrecy law objection and issued sanctions for nonproduction, the sanctioned party can reargue to the jury the validity of its objection. Therefore, the Bank's argument that it is entitled to rebut the permissive adverse inferences, described in the sanctions order, by introducing evidence of foreign financial privacy laws is rejected.

As the Second Circuit observed, "[d]ue process allows courts to impose, pursuant to Rule 37(b), such sanctions 'as are just' on parties that defy discovery orders." *Linde v. Arab Bank, PLC*, 706 F.3d 92, 115 (2d Cir.2013) (citing *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982)). In this case, it is just to instruct the jury regarding permissive adverse inferences without allowing the Bank to introduce evidence of foreign financial privacy laws in rebuttal. The justness of the award of sanctions was determined after a careful analysis of the relevant factors. As the Court of Appeals for the Second Circuit has described, I applied "the existing legal framework, including Restatement [ (Third) of Foreign Relations Law of the United States (1987) ] § 442, in weighing plaintiffs' need for the required discovery and the lack of alternative means to obtain it against the interests of foreign states in enforcing their bank secrecy laws and the hardship faced by Arab Bank because of its conflicting legal obligations." *Linde*, 706 F.3d at 120. I also balanced the factors required within this Circuit when imposing sanctions, weighing, "among other factors, the harshness of the sanctions, the extent to which the sanctions are necessary to re-

store the evidentiary balance upset by incomplete production, and the non-disclosing party's degree of fault." *Id.* at 115. Weighing the factors in ordering production and later imposing sanctions was the job of the court, not the jury. Granting the Bank's application would defeat the court's analysis, mislead and confuse the jurors, and improperly invite them to decide legal issues. Finally, as the Second Circuit observed, in rejecting the Bank's argument that the sanctions will deprive it of a defense:

> Arab Bank will still be entitled to emphasize its substantial Saudi Committee disclosures, including the Bank's own internal documentation, to persuade a jury that it was not aware that the beneficiaries of its financial services were terrorists. Arab Bank could rely on these disclosures, and related testimony, to rebut plaintiffs' assertion that Arab Bank intended to support the Saudi Committee's alleged efforts to finance terrorists, and urge the jury to extrapolate from this evidence that Arab Bank had lacked a culpable state of mind with regard to the other transfers at issue.

*Id.* at 116. Nowhere did the Second Circuit suggest, in its recital of permissible rebuttal arguments, that the Bank would be permitted to introduce evidence of foreign financial privacy laws to the jury. *Id.*[2]

The Rule 44.1 motion is denied.

**SO ORDERED.**

---

**2.** The Bank relies on spoliation cases, involving jury instructions allowing for a defendant's explanation of spoliation, which are different in kind from this case. *See, e.g., Stevenson v. Union Pac. R.R. Co.,* 354 F.3d 739 (8th Cir.2004). While there may have been bad faith in the destruction of documents, the litigants in those cases were not subject to a court order compelling production and a judicially crafted sanction.